Judge Owsleu
delivered the opinion.
This was a writ of right by Phillips and wife against Tib-* bats, in the Fayette circuit court.
The demandants counted in the form prescribed by the act reforming the mode of proceedings in writs of right; and the defendant tendered the mise upon the mere right, by plea also in the form prescribed bv the act.
The plea was filed, and, withoat replication by the de-mandants, the cause was continued; and, at the succeeding term, the demandants’ attorney moved the court to discontinue their writ, but the court overruled the motion, and the demandants failing to appear, judgment in bar of their writ was rendered on accsunt of then default.
From that judgment the demandants appealed to this court; and by their assignment of errors, question the decision of the circuit court in refusing to allow a dismissal of the writ, and in rendering judgment in bar thereof.
II, by replication to the defendant’s plea, the mise had been joined by the demandants, there would have been no doubt of the correctness of the decision of the circuit court.
No principle is better settled, nor more universally admitted by every treatise on the subject, than that final judgment should be given fora default of the demandant in a writ of right, after the mise joined upon the mere right. Co. Lit. 295. 6; Com dig. Droit, C. 6; 2. Saun. 4ó, li. 4> f, Fitz, li N. 12. R.
From the authorities cited, it appears, however, to be essential that the mise should be actually joined to authorise final judgment against a demandant on account of his default. Such an inference is plainly deducible from the language employed by Coke: — He says,‘’Seeing the mise is joined upon the mere right, albeit the verdict of the grand assise be given upon another point, yet judgment final shall be given. And so it is if the tenant, after the mise joined make default, or confess the action, or if the demandant be noi.suit, arid yet in none of these cases they of the grand issue gave their verdict upon the mere right ” And Fi¡z-herbert is more explicit, and places the subject beyond controversy — he says, ‘‘If a man lose by default in a writ of right before the mise joined, be shall have a writ of right against him w ho recovereth; but after mise joined it is cth- *17 erwise, for then upon default after issue joined, the judgement shall be final, as well against the demandant nonsuit, as against the tenant', if be make default..”
Widdiffe for plaintiff, Haggin for defendant.
From these authorities it results, that the judgment of the court below should not have been final in bar of the demandant’s writ; for whatever may, under the ancient course of practice, have been considered joining the mise, It cannot, under the act of this country reforming the mode of proceedings in writs of right, with any propriety, be said to be joined until replication is made to the defendant’s plea; and, until joined, final judgment ought not to be rendered for a default of the demandants. With as much propriety might an issue be said to be joined in a personal action by the defendant’s plea, where replication is required, as to say the mise was joined in this case by the defendant’s plea when the aet requires a replication — in the former case, by the plea an issue may be said to be tendered, and so in the latter case may the mise be said to be len-dered by the plea; but as in the latter case a replication is Tequired by the act, in neither case can the issue, with any propriety, be considered actually joined until replication.
The judgment must be reversed with cost, the cause re-itianded. and the demandant’s writ dismissed with cost.